UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-81386-CIV-MARRA

ANDREA KLEOPA, as attorney in fact for and
on behalf of HELEN DEMOS,

Plaintiff,

vs.

PRUDENTIAL INVESTMENT MANAGEMENT,
INC. et al.,

Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant Prudential Investment Management Inc.'s Motion for Reconsideration (DE 12); Plaintiff Andrea Kleopa's Motion to Remand, as attorney in fact for and on behalf of Helen Demos (DE 18), and Defendant Gold Coast Property Maintenance, Inc.'s Motion to Dismiss Amended Complaint for Lack of Subject Matter Jurisdiction, Alternative Motion for Remand (DE 21).  The Court has carefully considered the motions and is otherwise fully advised in the premises.

I.  Background

On November 20, 2008, Defendant Prudential Investment Management, Inc. ("Prudential") filed its Notice of Removal on the basis of diversity jurisdiction.  (DE 1.)  The state court complaint sought damages in excess of $15,000.00 for a slip and fall sustained by Helen Demos, the elderly mother of Plaintiff, Andrea Kleopa, who brings this suit as attorney in fact.  According to the state court complaint, Prudential, a New Jersey citizen, failed to maintain its premises, a shopping center located in Boca Raton, Florida, in a reasonably safe condition and

thereby caused injuries to Ms. Demos, a Florida citizen. (State court complaint, attached to DE 1; Notice of Removal at 2.) The Notice of Removal states that Ms. Demos has allegedly incurred $70,763 in medical specials and will have an estimated $250,000-$350,000 in future medical specials. (Notice of Removal at 2.)

On December 23, 2008, the Court entered its Scheduling Order which set February 20, 2009 as the deadline for amending the pleadings. (DE 6.) On January 16, 2009, Plaintiff filed a motion to amend her complaint to add a defendant. In that motion, Plaintiff stated that through the course of discovery, she discovered an additional party; i.e., Gold Coast Property Maintenance ("Gold Coast"), an entity contractually obligated to maintain the exterior premises of the shopping center. (DE 9.) Significantly, Gold Coast is a citizen of Florida. (DE 14.) On February 5, 2009, the Court granted, by endorsed Order, the motion to amend the complaint. (DE 10.)

On that same day, Prudential filed a response to the motion to amend the complaint to add a party defendant (DE 11) and a motion for reconsideration of the Court's endorsed Order allowing amendment of Plaintiff's complaint to add Gold Coast (DE 12). Prudential opposes Plaintiff's amendment, arguing the addition of Gold Coast serves only to deprive this Court of subject-matter jurisdiction. In support, Prudential points out that four days after it removed the case to federal court,[1] Plaintiff filed an amended complaint in state court that included allegations against "John Doe . . . a resident of Palm Beach County, Florida," the property manager of the shopping center where the accident occurred. (Ex. B, DE 11.) Prudential claims that the pleading shows Plaintiff's "true motive" in adding Gold Coast to this case. (DE 11 at 4.) Prudential also

---

[1] This state court complaint is not dated.

states that prior to filing her state court complaint, Plaintiff was aware of the existence of other possible non-diverse defendants.  Additionally, Prudential argues that Plaintiff will not be prejudiced if Gold Coast is excluded from this case because she can obtain a full recovery from Prudential.  (DE 11 at 6.)

According to Plaintiff, at the time she filed the Complaint in state court, she intended to add as a party defendant the landscaping company responsible for the maintenance of the grassy area in front of the store where Ms. Demos fell. The identity of that entity, however, was unknown at that time.  Prior to responding to Plaintiff's discovery request, Prudential removed the case to federal court.  On January 12, 2009, Plaintiff received information identifying Gold Coast as the landscaper and four days later, Plaintiff sought to add Gold Coast as a defendant. (DE 17 at 2.)

Furthermore, Plaintiff has also filed a motion for remand, stating that the addition of Gold Coast as a party defendant has destroyed diversity jurisdiction.  Prudential does not dispute that the addition of Gold Coast would divest this Court of diversity jurisdiction.  (DE 22 at 3.)  Lastly, Gold Coast moves to dismiss the Amended Complaint for lack of subject matter jurisdiction or alternatively remand the case to state court.  (DE 21.)

II.  Discussion

Given that the Court granted, by endorsed Order, Plaintiff's motion to amend the complaint on February 5, 2009, the same date Prudential's response memorandum was due, the Court was not able to consider Prudential's arguments made in opposition to Plaintiff's motion to amend.  Thus, the Court will now fully address the arguments made by Prudential in opposition to Plaintiff's motion to amend the complaint.

Pursuant to 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State Court." 28 U.S.C. § 1447(e). A district court faced with the issue of whether to permit or deny the joinder of a non-diverse party has two options: (1) deny joinder or (2) permit joinder and remand the case to state court. Ingram v. CSX Transportation, Inc., 146 F.3d 858, 862 (11th Cir. 1998). The decision is committed to the sound discretion of the district court. Mayes v. Rapoport, 198 F.3d 457, 462 (4th Cir. 1999); Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987). Because the court's decision will determine the continuance of jurisdiction, the addition of a non-diverse party should not be permitted without consideration of the original defendant's interest in the choice of the federal forum. Hensgens, 833 F.2d at 1182. Hence, the district court should scrutinize a motion to amend to join a non-diverse party more closely than a motion to amend under Rule 15 of the Federal Rules of Civil Procedure.[2] Id.

In deciding whether to permit or deny joinder, the district court must balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits. Id. In applying this balancing test, the district court should consider (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether plaintiff has been dilatory in asking for amendment, (3) whether plaintiff will be significantly injured if amendment is not allowed, and (4) any other factors bearing on the equities. Hensgens, 833 F.2d at 1182; Mayes, 198 F.3d at 462; Duckworth v. State Farm Mutual Auto Ins. Co., No.

---

[2] Pursuant to Rule 15(a), after a responsive pleading is filed, a party may amend the party's pleading "only by leave of court" and that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).

6:07-cv-2014-Orl-22DAB, 2008 WL 495380, at * 1 (M.D. Fla. Feb. 20, 2008); Portis v. Wal-Mart Stores, Inc., No. 07-0557-WS-C, 2007 WL 33086011, at * 3 (S.D. Ala. Oct. 19, 2007); Jones v. Rent-A-Center East, Inc., 356 F. Supp. 2d 1273, 1275 (M.D. Ala. 2005).[3]  The district court should balance the equities and decide whether the amendment should be permitted. Hensgens, 833 F.2d at 1182; Mayes, 198 F.3d at 462.

In determining whether the purpose of adding a non-diverse defendant post-removal has been to defeat federal jurisdiction, courts often look to see whether the plaintiff was aware or should have been aware of the non-diverse defendant at the time the suit was filed.  See, e.g., Smith v. White Consol. Industries, Inc., 229 F. Supp. 2d 1275, 1280 (N.D. Ala. 2002); Bevels v. American States Ins. Co., 100 F. Supp. 2d 1309, 1313 (M.D. Ala. 2000); Sexton v. G & K Servs., Inc., 51 F. Supp. 2d 1311, 1313 (M.D. Ala. 1999).  Plaintiff explains that she wanted to add the landscaping company responsible for the maintenance of the grounds of the shopping center because Ms. Demos fell in a grassy depression in front of a store.  Plaintiff did not, however, learn the identity of this entity until receiving discovery from Prudential, the owner of the premises.  That discovery provided Plaintiff with information regarding Prudential's contract with Gold Coast, Prudential's landscaper.  Four days later, Plaintiff sought to add Gold Coast to this case.  Based on the foregoing, the Court determines that Plaintiff was not motivated to add Gold Coast for the purpose of defeating jurisdiction.

Nonetheless, Prudential contends that Plaintiff's "true motive" can be ascertained by Plaintiff's filing of an amended complaint in state court, post-removal, that added as a party

---

[3] Although Hensgens was decided before the enactment of § 1447(e), the factors outlined therein continue to guide district courts in deciding whether to permit or deny joinder in removal cases.

"John Doe," the property manager of the shopping center where the accident occurred.  Notably, Plaintiff did not seek to have this party added to this case. Instead, Plaintiff sought to have Gold Coast added as a party.  Had Plaintiff merely wished to defeat diversity jurisdiction, Plaintiff would have included "John Doe" in its motion to amend before this Court.  The Court concludes that the failure to pursue a claim against "John Doe" in this court, and the decision to pursue a claim against Gold Coast in this court, demonstrates that Plaintiff made a good faith determination, after further investigation, that Gold Coast was the more responsible party for Plaintiff's injuries.  Thus, Gold Coast was not added merely to serve the purpose of defeating diversity jurisdiction.

     Turning to the second factor, the record clearly shows that Plaintiff did not act in a dilatory fashion in adding Gold Coast as a party defendant.  Indeed, it is undisputed that Plaintiff learned about the existence of Gold Coast on January 12, 2009 and proceeded to add Gold Coast to this action a mere four days later.  Cf. Smith, 229 F. Supp. 2d at 1282 (finding amendment dilatory when made eleven months after filing suit and ten months after removal).  With respect to the third factor, the Court finds that Plaintiff will be significantly prejudiced if this amendment is not allowed.  According to Plaintiff, Ms. Demos tripped and fell in a depression in a grassy area in front of a grocery store at the shopping center.  Given that Gold Coast is the landscape company responsible for the shopping center, it is entirely possible that a jury could find that Gold Coast, as opposed to Prudential, is responsible for Plaintiff's injuries.  In fact, if Gold Coast is excluded from this action, and Prudential successfully moves to have Gold Coast placed on the

verdict form as a Fabre[4] defendant, Plaintiff may be denied full relief.  See Holiday Isle, LLC v. Clarion Mortg. Capital, Inc., No. 07-00798-CG-C, 2008 WL 1756369, at * 3 (S.D. Ala. 2008) (finding that third factor is met when full relief cannot be afforded in absence of amendment).

Lastly, the Court finds that the equities weigh in Plaintiff's favor because Plaintiff will be prejudiced if forced to litigate two separate lawsuits with significant overlap.  Parallel lawsuits would force Plaintiff to bear additional costs and time and would not serve the purpose of judicial economy.  See Godwin v. National Union Fire Ins. Co. of Pittsburgh, Inc., No. 2:05CV783–SRW (WO), 2006 WL 3924795, at * 3 (M.D. Ala. 2006) ("the danger of parallel federal/state proceedings with the inherent dangers of inconsistent results and the waste of judicial resources" tip the balance of equities in favor of allowing amendment).  Given that the first three factors weigh in favor allowing the amendment, the Court finds that the equities weigh in Plaintiff's favor in this case, and Gold Coast is properly added as a party defendant.

Having decided that it was proper for Gold Coast to be added to this action, Prudential's motion for reconsideration is denied.  Furthermore, the Court finds, over no objection from the parties, that remand is appropriate.[5]

III. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

---

[4] See Fabre v. Martin, 623 So. 2d 1182, 1185 (Fla. 1993), receded from on other grounds, Wells v. Tallahassee Mem'l Reg'l Med. Ctr., Inc., 659 So. 2d 249, 251-52 (Fla. 1995).

[5] Alternatively, the Court finds that Plaintiff, who proceeds as "attorney in fact," lacks Article III standing to bring this case.  See W.R. Huff Asset Management Co., LLC v. Deloitte & Touche LLP, 549 F.3d 100, 106-07 (2d Cir. 2008) (attorney-in-fact status insufficient for standing); Luria-Akin v. Devonshire at PGA National, LLC, No. 08-80349-CIV, 2008 WL 1745063, at * 2 (S.D. Fla. Apr. 11, 2008) (power of attorney does not allow grantee to bring suit in his or her own name).

1) Defendant Prudential Investment Management Inc.'s Motion for Reconsideration (DE 12) is **DENIED**.

2) Plaintiff Andrea Kleopa's, as attorney in fact for and on behalf of Helen Demos, Motion to Remand (DE 18) is **GRANTED.**

3) Defendant Gold Coast Property Maintenance, Inc.'s Motion to Dismiss Amended Complaint for Lack of Subject Matter Jurisdiction, Alternative Motion for Remand (DE 21) is **GRANTED**.

4) The above-styled action is **REMANDED** back to the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. All pending motions are **DENIED AS MOOT**. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 27th day of July, 2009.

_____
KENNETH A. MARRA
United States District Judge